IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**In re Natco Pharma (Canada), Inc.,**
  Applicant.

Case No. 2:22-mc-33
Judge Michael H. Watson
Magistrate Chelsey M. Vascura

**OPINION AND ORDER**

This matter is before the Court on an *ex parte* application from Natco Pharma (Canada), Inc. ("Natco") seeking leave, pursuant to 28 U.S.C. § 1782, to obtain discovery from John Byrd ("Byrd") via a proposed subpoena for documents and testimony. (ECF No. 1.) For the reasons that follow, the application to issue the proposed subpoena is **GRANTED**.

**I.    BACKGROUND**

All of the following information is found in Natco's *ex parte* application. Natco is a Canadian Corporation that has been named as a defendant in two Canadian lawsuits[1] filed by Pharmacyclics, LLC ("Pharmacyclics") and Janssen, Inc. ("Janssen"). (*Id*.) In those Canadian lawsuits, Pharmacyclics alleges that Natco infringed Pharmacyclics' patents[2] for an anti-cancer drug product, ibrutinib. (*Id*.) Natco has denied those allegations and asserted various defenses including a challenge to the validity of the patents at issue. (*Id*.) The parties to the Canadian lawsuits are actively engaged in discovery related to these patent claims and defenses. (*Id*.)

---

[1] The lawsuits are captioned *Pharmacyclics, LLC, & Janssen, Inc. v. Natco Pharma (Canada) Inc.*, Court File Nos. T–1475–21 and T–1472–21.

[2] The Pharmacyclics patents allegedly infringed by Natco are Canadian Patent Nos. 2,663,116; 2,800,913; 2,875.986; 2.928.721; 3,007,787; 3,007, 788; and 3,022,256.

Byrd, who is appears to be employed at both The Ohio State University and the University of Cincinnati, is an inventor on one of the Canadian patents, directed at the use of ibrutinib to treat chronic graft versus host disease ("the 721 patent"). (ECF Nos. 1–5; 1–3.) After Byrd declined to meet with Natco to discuss his involvement in the development of the subject matter of the 721 patent, Natco successfully sought a Letter of Request from the Canadian Court. (ECF No. 1–3.) The Letter of Request, dated August 12, 2022, bears the Federal Canadian Court's Seal and is signed by a Registry Officer for the Court pursuant to an Order issued on July 18, 2022. (*Id*.) The Letter of Request indicates that it has issued a Commission to Amy Harkness, in Ontario Canada, to examine Byrd. (*Id*.) It further asks that the "Judicial Authorities of the state of Ohio and the United States District Court for the Southern District of Ohio" to cause Byrd to appear before the Commissioner with documents and to permit the Commissioner to conduct an examination of Byrd with the assistance of Natco's counsel. (*Id*.)

Attached to Natco's application is a proposed subpoena to Byrd commanding him to testify at a deposition virtually after contacting Natco's counsel via email to make arrangements to do so, and to produce documents via email to counsel seven days prior to the virtual deposition. (ECF No. 1–6.)

**II.    STANDARD**

"Section 1782 provides federal-court assistance in gathering evidence and testimony for use in foreign tribunals." *Matter of De Leon*, No. 1:19-MC-15, 2020 WL 1180729, at *3 (S.D. Ohio Mar. 12, 2020), *appeal dismissed sub nom. In re De Leon*, No. 20-3406, 2020 WL 3969865 (6th Cir. May 26, 2020) (quoting *JSC MCC EuroChem v. Chauhan*, No. 18-5890, 2018 WL 9650037, at *1 (6th Cir. Sept. 14, 2018)). In relevant part, § 1782 provides that, "[t]he district court of the district in which a person resides or is found may order him to give his testimony or

2

statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . . " 28 U.S.C. § 1782(a). Accordingly, a district court is authorized to grant an application under § 1782 if an applicant has met three statutory prerequisites: (1) discovery is sought from a person or entity residing or found in the district; (2) discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is an interested person before such foreign tribunal. *See In re Application for Discovery Pursuant to 28 U.S.C. § 1782(a)*, No. 1:19-MC-0102, 2020 WL 36422, at *1 (N.D. Ohio Jan. 22, 2020). "[A]n ex parte application is an acceptable method for seeking discovery under § 1782." *In re Application Pursuant to 28 U.S.C. § 1782*, No. 1:144-mc-44, 2014 WL 4181618, at * 1 (S.D. Ohio Aug. 21, 2014) (cleaned up) (quoting *In re Application of Ontario Principal's Council*, No. 14-me-50, 2014 WL 3845082, at *2 (D. Ariz. Aug. 1, 2014)).

But even if those statutory prerequisites are met, "a district court is not required to grant a § 1782 discovery application simply because it has the authority to do so." *In re Application to Obtain Discovery for Use in Foreign Proceedings*, 939 F.3d 710, 732 (6th Cir. 2019) (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004)). Instead, once the statutory requirements are met, a district court has discretion to determine whether, and to what extent, to honor a request for assistance under § 1782. *See Intel*, 542 U.S. at 264.

The United States Supreme Court has identified the following discretionary factors (referred to as the *Intel* factors) that a district court may consider when ruling on a § 1782 application: (1) whether the person from whom the discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the § 1782 request conceals an attempt to

circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the § 1782 application contains unduly intrusive or burdensome discovery requests. *See id.* at 264–65. Courts must exercise their discretion in light of the "twin aims" of § 1782: "providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar means of assistance to our courts." *Id.* at 252 (citation omitted).

### III.    ANALYSIS

#### A.    The statutory requirements are met.

The Court reviews the statutory factors and finds that they are met. The first statutory requirement—that the person from whom discovery is sought resides or is found within the district—appears to be satisfied. Natco has attached a publicly available website indicating that Byrd is employed at The Ohio State University and at the University of Cincinnati. (ECF No. 1–5.) Both institutions are located in the Southern District of Ohio.

The second statutory requirement—that the discovery sought is for use in a proceeding before a foreign tribunal—is also satisfied. Natco asserts that the discovery that is sought will be used in ongoing litigation in a Canadian Court, in which patent infringement claims are being alleged and defended against. Accordingly, the discovery sought is for use in a Canadian Court, which qualifies as a "proceeding in a foreign . . . tribunal." *Intel*, 542 U.S. at 257–58.

Likewise, the third statutory requirement—that the application be made by a foreign or international tribunal or any interested person—is satisfied. In *Intel*, the Supreme Court explained that "litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782." *Id*. at 256. Here, Natco, is a party to the patent

4

infringement proceedings in Canada. Natco therefore has a significant interest in obtaining discovery related to that action.

      **B.     The *Intel* factors weigh in favor of allowing the application.**

Even though the statutory factors are met, the Court is not required to grant the § 1782 application. But after considering the *Intel* factors, the Court finds that granting the application is warranted.

The first *Intel* factor is whether Byrd is a "participant in the foreign proceeding." *Intel*, 542 U.S. at 264. If he is, then "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter rising abroad" because "[a] foreign tribunal has jurisdiction over those appearing before it and can itself order them to produce evidence." *Id*. (citations omitted). Here, Byrd is not a party to the Canadian litigation, and thus, he appears to be "outside the foreign tribunal's jurisdictional reach," and his testimony "may be unobtainable absent § 1782(a) aid." *Id*. Accordingly, this factor weighs in favor of allowing Natco's application.

The second *Intel* factor provides that a district court consider "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Id*. This factor also weighs in Natco's favor. The Supreme Court recently explained that a foreign or international tribunal is "best understood as an adjudicative body that exercises governmental authority." *ZF Automotive US, Inc. v. Luxshare, Ltd*., — U.S. — ; 142 S.Ct. 2078, 2086 (2022). Here, the foreign tribunal is a Canadian Federal Court, a governmental authority, entertaining patent infringement litigation. Moreover, that foreign tribunal issued the Letter of Request, thereby indicating its receptivity to assistance from the U.S. federal courts.

For similar reasons, the third *Intel* factor weighs in Natco's favor. That factor seeks to guard against an applicant's attempts to circumvent foreign proof-gathering restrictions or other foreign or U.S. policies. 542 U.S. at 264–65. In this instance, there is nothing to suggest that Canadian law or policy would prohibit the type of discovery sought such that Natco's application is being made to circumnavigate Canadian law. Indeed, the Canadian Court's Letter of Request tends to suggest that such discovery is allowed or allowable in Canada.

The final *Intel* factor directs courts to be mindful of overly intrusive or burdensome discovery requests. *Id*. Here, the proposed subpoena seeks one half day of testimony, and the production of documents "that pertain to the subject matter of the 721 patent including but not limited to the rationale for using ibrutinib to treat chronic graft disease versus host disease." ((ECF No. 1–6.) The Court finds that at this juncture, and on this limited record, the discovery request does not appear to be overly burdensome. Accordingly, this *Intel* factor also weighs in favor of granting Natco's application.

**IV.    CONCLUSION**

Because the statutory and *Intel* factors weigh in Natco's favor, its application is **GRANTED**. Nevertheless, § 1782 provides that discovery conducted pursuant to the statute must comply with the Federal Rules of Civil Procedure unless otherwise directed by the Court. The Court does not find any reason to allow discovery beyond what is permitted by Rule. For that reason, the Court authorizes Natco to issue the proposed subpoena to Byrd. The Court further finds, however, that Byrd is entitled to all the protections afforded him under the Rules, including the right to proper service of the subpoena and the right to move to modify or quash the subpoena if warranted.

Case: 2:22-mc-00033-MHW-CMV Doc #: 2 Filed: 08/31/22 Page: 7 of 7  PAGEID #: 445

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE